IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**LUIS G. MENDOZA v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Henderson County**
**No. 14-180-1 Roy B. Morgan, Jr., Judge**

_____

**No. W2017-02373-CCA-R3-ECN**

_____

The pro se petitioner, Luis G. Mendoza, appeals the Henderson County Circuit Court's dismissal of his motion for writ of error coram nobis. The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Upon review, we conclude that the State's motion is well-taken. Accordingly, we affirm the summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Luis G. Mendoza, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Jody Pickens, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In April 2015, the petitioner, Luis G. Mendoza, entered a nolo contendere plea to voluntary manslaughter, for which he received a sentence of fifteen years to be served at 45%. After the petitioner filed a pro se petition for post-conviction relief, counsel was appointed to represent him and an evidentiary hearing was set. However, the petitioner decided not to pursue his claims, and the matter was dismissed on July 18, 2016.

On November 13, 2017, the petitioner filed a petition for writ of error coram nobis in the trial court. He alleged that the following constituted newly discovered evidence

and supported his claim for relief: "(1) proof of the non-existence of the alleged interpreter used, over the phone, to obtain a statement used as probable cause in obtaining an arrest warrant, and (2) a sworn affidavit from a witness with first-hand knowledge of facts pertaining to petitioner's codefendant and the victim." The trial court entered an order denying the petition, finding that it was time-barred and that the writ of error coram nobis was not an appropriate method for challenging a guilty plea. The court declined to treat the petition as one for post-conviction relief because it was time-barred and the petitioner had previously filed a petition for post-conviction relief, which he voluntarily withdrew.

A writ of error coram nobis is an extraordinary remedy available only under very narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105; see State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The purpose of a writ of error coram nobis is to bring to the court's attention a previously unknown fact that, had it been known, may have resulted in a different judgment. State v. Vasques, 221 S.W.3d 514, 526-27 (Tenn. 2007). The decision to grant or deny the writ rests within the discretion of the coram nobis court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988).

In Frazier v. State, our supreme court held that "a guilty plea may not be collaterally attacked pursuant to the coram nobis statute." 495 S.W.3d 246, 248 (Tenn. 2016). Although Frazier did not involve a best interest plea, the supreme court noted the following in a footnote:

> Although uncommon, criminal defendants also may plead guilty while maintaining that they did not commit the crime charged. Such pleas are often referred to as "Alford pleas" based on the United States Supreme Court case, North Carolina v. Alford, 400 U.S. 25 (1970). In Alford, our nation's high court held that a defendant who professed his innocence could nonetheless enter a constitutionally valid guilty plea when the defendant "intelligently concludes that his interests require entry of a guilty plea." Id. at 37. Our Rules of Criminal Procedure refer to such pleas as "nolo contendere" pleas. Tenn. R. Crim. P. 11(a)(2); see also State v. Crowe, 168 S.W.3d 731, 743 (Tenn. 2005). While we recognize that a criminal defendant who enters an Alford plea may have a stronger public policy argument than other criminal defendants for the right to seek error coram nobis relief, the issue remains one of a policy judgment which is within the province of the legislature, not this court.

Based on this, we believe that the Tennessee Supreme Court applying <u>Frazier</u> would conclude that a writ of error coram nobis is unavailable to a petitioner who enters an <u>Alford</u> plea. As an intermediate appellate court, we are obliged to follow the holding of our supreme court in <u>Frazier</u>, which precludes the petitioner from collaterally attacking his guilty plea through the writ of error coram nobis. Accordingly, we affirm the trial court's denial of relief.

Briefly, we note that the petitioner has changed tack on appeal, arguing that the dismissal of his petition for post-conviction relief in 2016 was improper and requesting that he be allowed to file a second petition. However, the petitioner did not raise these arguments in the trial court. This Court's jurisdiction is appellate only, and issues raised for the first time on appeal are waived. <u>See</u> <u>State v. Johnson</u>, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996)

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE

- 3 -